IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DANA R. FULTON,            )
                          )
    Plaintiff,         )
                          )
v.                        )        CASE NO.: 2:18cv623-MHT-GMB
                          )        [wo]
JENNIFER B. RICHARDSON, D.M.D., )
                          )
    Defendant.         )

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the court is a motion to dismiss filed by Defendant Jennifer B. Richardson (Doc. 19) directed to the first amended complaint and a motion to dismiss (Doc. 25) directed to the second amended complaint.  On June 29, 2018, Plaintiff Dana R. Fulton, proceeding *pro se*, filed a complaint, stating that she brings the case pursuant to the Americans with Disabilities Act. Doc. 1.  Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters. Doc. 6.  For the reasons stated herein, the Magistrate Judge RECOMMENDS that the motion to dismiss (Doc. 19) directed to the first amended complaint be DENIED as moot, considering that a subsequent amended complaint has taken the place of the first one, and that the motion to dismiss directed to the second amended complaint (Doc. 25) be GRANTED.

### I.  FACTS AND PROCEDUAL HISTORY

This court has ordered Fulton to file amended complaints with specific directions as to what should be included in those filings. Docs. 16 & 17.  In response to the court's Orders, Fulton filed amended complaints on September 24, 2018 and November 26, 2018.

Doc. 17 & 25.  Richardson seeks the dismissal of these complaints.  In ordering Fulton to file the second amended complaint, the court explained to Fulton that she cannot refer to facts in her brief that are not pleaded in the amended complaint or rely on a recorded conversation the substance of which is not pleaded in the amended complaint, and that she must not rely on conclusory labels but must instead set forth the facts known to her which support her claim or claims in numbered counts. Doc. 24.

In her second amended complaint, Fulton has alleged that she was a dental patient of Defendant Jennifer Richardson, M.D. Doc. 24 at 1.  Fulton alleges that Richardson discriminated against her because of her disabling condition, Multiple Sclerosis. Doc. 24 at 1.  Fulton alleges that she told Richardson about her condition and all of the conventional treatments she would not be able to have when she "hired" Richardson. Doc. 24 at 4.  She alleges that Richardson agreed to these conditions, but did not complete Fulton's care. Doc. 24 at 4.  Fulton alleges that on her final visit to Richardson's office she provided information on exposure of her child to blood by a worker in the office, which had happened on Fulton's child's last visit to the office. Doc. 24 at 10.  Fulton characterizes this report as a "confrontation." Doc. 24 at 11.  Fulton alleges that she has recorded conversations regarding this interaction and others but does not allege the substance of the conversations. Doc. 24 at 11.  Fulton also states that she brought to the attention of Richardson's staff that there was a foreign object placed in her denture but Richardson did nothing about it. Doc. 24 at 9.  Fulton alleges that the denture manufacturers were motivated by anger against her. Doc. 24 at 8.

Fulton alleges in Count 1 of her amended complaint that Richardson did not want the responsibility of caring for Fulton due to her disability and did not want to assume any

liability associated with Fulton's health, so she refused to fix Fulton's dentures. Doc. 24 at 2-3.  In Count 2, Fulton alleges that Richardson broke an oral contract to treat her.  In Count 3, Fulton alleges that Richardson committed a fraudulent misrepresentation because she tried to force Fulton to accept a plain acrylic denture.  In Count 4, Fulton states that Richardson and the denture manufacturers committed medical retaliation by placing a foreign object in her dentures. Doc. 24 at 8.  In Count 5, Fulton alleges that Richardson "abused" her insurance coverage by "using up [her] denture benefits."  Count 6 states that Richardson has been intentionally covering up a potentially infectious contagion.  Count 7 claims that Richardson is covering up blood-borne exposure to her child.  Finally, Count 8 is asserted as a claim for a HIPAA violation for failure to turn over medical records.

Richardson seeks to dismiss Fulton's claims for lack of jurisdiction and for failure to state a claim.

## II.  STANDARDS OF REVIEW

### A.    Dismissal Pursuant to Rule 12(b)(1)

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a facial attack or a factual attack.  A facial attack on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction, while a factual attack challenges the existence of subject matter jurisdiction based on matters outside the pleadings. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

### B.    Dismissal Pursuant to Rule 12(b)(6)

The court accepts the plaintiff's factual allegations as true, *Hishon v. King*

*& Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor. *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: (1) the court is not bound to accept conclusory statements of the elements of a cause of action, and (2) where there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).   "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain detailed factual allegations, but instead must contain only enough facts to state a claim to relief that is plausible on its face. *Id.* at 570.   The factual allegations must be enough to raise a right to relief above the speculative level. *Id.* at 555.

### III.  DISCUSSION

Richardson has moved to dismiss Fulton's amended complaint on the basis of a lack of subject matter jurisdiction, arguing that there is no nexus alleged between Fulton's disability and any actions by Richardson, and also on the basis that Fulton has failed to state a claim.

The court addresses the jurisdictional issue first because the court has a duty to determine that it has jurisdiction in a case. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997).   The United States District Courts have original jurisdiction over claims asserted under the laws of the United States, but these claims may be dismissed for lack of jurisdiction if they are "wholly insubstantial and frivolous." *Blue*

*Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998).  The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover, but is instead whether the cause of action is so patently without merit as to justify the court's dismissal for want of jurisdiction. *See id.*  As will be discussed below, Fulton's ADA claim is not sufficiently supported by allegations of fact to state a claim.  But the court does not conclude that the federal-law claim meets the standard of frivolousness such as to deprive the court of subject matter jurisdiction over this action.

The court now turns to Richardson's argument that Fulton has failed to state a claim for relief.  To the extent that Fulton's ADA claim is based on her disagreement with Richardson's medical treatment decisions, this claim fails as a matter of law.  The ADA focuses "not on quality of medical care or the ultimate treatment outcomes, but on the equal opportunity to participate in obtaining and utilizing services." *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 834 (11th Cir. 2017); *see also Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) ("[A] lawsuit under the Rehab Act or the Americans with Disabilities Act (ADA) cannot be based on medical treatment decisions.").

Fulton has claimed discrimination on the basis of her disability.  The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).  Private entities are considered to be public accommodations if the entities affect commerce and specifically include the "professional office of a health care provider." 42 U.S.C. § 12181(7)(F).

In this case, Fulton has used the word "discriminated" in her amended complaint.

Doc. 24 at 1.  However, the court is not bound by legal conclusions, and a recitation of the elements of a claim is not sufficient. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010); *see also Jones v. Gadsden Cty. Sch.*, 2018 WL 6600210, at \*2 (11th Cir. Dec. 14, 2018) (holding that a plaintiff's conclusory statement that he was fired because of his disability is not sufficient to state a discrimination claim).  Instead, the court must examine the allegations of fact.

Richardson relies on *J.A.M. v. Nova Southeastern University, Incorporated*, 646 F. App'x 921 (11th Cir. 2001), in arguing that there are insufficient allegations of fact in the amended complaint.  In *J.A.M.*, the court explained that the ADA covers tangible barriers and also discriminatory policies or practices that restrict a disabled person's ability to enjoy the defendant's services. *Id.* at 925. The Eleventh Circuit also explained that in stating a claim for a violation of the ADA, the plausibility standard is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 924.  The court held that the plaintiff in that case had not alleged that he was dismissed from school because of his disability, but instead "at best" alleged that he was "discriminated" against on the basis of his alcohol-related behavioral misconduct. *Id.* at 926.  Therefore, he failed to state a claim of disability discrimination. *Id.* In other words, the complaint itself alleged that the student was dismissed because of his misconduct, and his misconduct was not a disability.

The Eleventh Circuit also has reasoned, in determining whether there were sufficient facts to state a claim of race discrimination, that a pleading is insufficient when it suggests that an action was taken because of a complaint unrelated to the plaintiff's race. *See Edwards*, 602 F.3d at 1301.  In *Edwards*, the allegations of the amended complaint

6

suggested that an action had been taken against the plaintiff because he had complained about the presence of undocumented workers, and not because of his race. *Id.* The court concluded therefore that the complaint did not state a plausible claim of discrimination by establishing the plaintiff's race and his co-workers' races and the fact that he was threatened. *Id.* In other words, even though the complaint alleged that actions were taken against the plaintiff by people of a different race, the complaint also "suggested" that the actions were taken because of the plaintiff's complaining, not his race, and therefore no claim for race discrimination had been stated.

Similarly, in this case, Fulton has alleged that she was a patient of Richardson's after having disclosed her disease and the limitations it placed on her care, and after Richardson agreed to treat her. She alleges that the last day she visited the office was the day she "confronted" Richardson and her staff wither her complaint that an employee of the office had exposed her child to blood. Doc. 24 at 10. Fulton also claimed that Richardson intentionally covered up health hazards and intentionally covered up the blood exposure to her child. Doc. 24 at 1. Fulton's allegations that she has a disability and that Richardson stopped treating her cannot alone state a plausible claim of discrimination because, as in *Edwards*, at best, "the allegation suggests that [Richardson] discriminated against [Fulton] because [s]he had complained" and not because of her disability. *Edwards*, 602 F.3d at 1301. For this reason, there are insufficient facts alleged in the complaint to meet the plausibility standard and to show that Richardson stopped treating Fulton because of her disability.

In arriving at this conclusion, the court is of course mindful of Fulton's *pro se* status. While *pro se* pleadings are held to a lesser standard than those prepared by attorneys and

"are thus construed liberally," *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008),
*pro se* litigants still must comply with the Federal Rules of Civil Procedure. *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009).  Although given two opportunities
to amend her complaint, with detailed guidance provided by the court, Fulton has failed to
state a claim of disability discrimination.  Fulton must do more than simply assert that she
is entitled to relief because she has a disability and Richardson harmed her. *Twombly*, 550
U.S. at 557.  Because there are insufficient facts to make plausible any ADA claim, the
motion to dismiss is due to be granted as to this claim.

Fulton also has stated that Richardson violated the Health Insurance Portability and
Accountability Act ("HIPAA") by failing to turn over medical records.  While HIPAA is a
federal statute, there is no private right of action under HIPAA. *Crawford v. City of Tampa*,
397 F. App'x 621, 623 (11th Cir. 2010) (citing *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir.
2006)).  This court will recommend, therefore, that this federal claim be dismissed.

Finally, although Fulton was not given leave to do so, she has included several state-law claims in her most recent amended complaint.  The court has supplemental jurisdiction
over these claims pursuant to 28 U.S.C. § 1367(a).  Section 1367(c)(3), however, provides
that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim
under subsection (a) if . . . the district court has dismissed all claims over which it has
original jurisdiction." *See Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1568–69
(11th Cir. 1994).  Factors to be considered in deciding whether to decline to exercise
supplemental jurisdiction are "the values of judicial economy, convenience, fairness, and
comity." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  An important factor
for the court to consider in determining whether to dismiss is whether the state-law claims

would be barred by the state statute of limitations, which these claims do not appear to be. *See Lane v. Corr. Med. Servs., Inc.*, 989 F. Supp. 2d 1222, 1223–24 (M.D. Ala. 2013). The litigation is in its early stages and comity suggests that the state courts of Alabama should be allowed to interpret and apply Alabama legal issues, as those are the only remaining issues if the federal claims are dismissed. Therefore, the court recommends that supplemental jurisdiction be declined in this case.

### IV.  CONCLUSION

Accordingly, for the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge as follows:

1. The Motion to Dismiss (Doc. 19) directed to the first amended complaint be DENIED as moot.

2. The Motion to Dismiss (Doc. 25) directed to the second amended complaint be GRANTED, the federal claims be DISMISSED with prejudice, and the state-law claims dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation **not later than February 13, 2019**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's factual findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered

in the report and recommendation, and also waives the right of the party to challenge on appeal the District Court's order based on findings and conclusions that the parties have not objected to, in the absence of plain error or manifest injustice. *See Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Hamilton v. Sheridan Healthcorp., Inc.*, 700 F. App'x 883, 887 (11th Cir. 2017).

DONE this 30th day of January, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE